# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| MELINDA DALTON-HORNE, | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:17-CV-173-MSH |
| | : Social Security Appeal |
| COMMISSIONER OF | : |
| SOCIAL SECURITY, | : |
| Defendant. | : |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's ("ALJ's") determination, denied Plaintiff's applications for supplemental security income and disability insurance benefits, finding that she is not disabled within the meaning of the Social Security Act and accompanying regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A plaintiff seeking Social

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the plaintiff is working. *Id.* If not, the Commissioner determines whether the plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the plaintiff's residual functional capacity ("RFC") can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's RFC, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ADMINISTRATIVE PROCEEDINGS

Plaintiff Melinda Dalton-Horne filed applications for disability insurance benefits and supplemental security income on April 23, 2014, alleging she became disabled to work on February 27, 2009.[3] Her claims were denied initially on November 18, 2014, and upon reconsideration on February 13, 2015. She timely requested an evidentiary hearing before an ALJ on March 24, 2015, and a hearing was conducted on November 9, 2016. Plaintiff appeared with her attorney and testified, as did an impartial vocational expert ("VE"). At the hearing she amended her onset of disability date to March 11, 2013. Tr. 11, 48. On January 10, 2017, the ALJ issued an unfavorable decision denying her claims. Tr. 8-21. Plaintiff sought Appeals Council review and submitted, as additional evidence in support of her claim, the findings and conclusions of an independent medical examination done on March 7, 2017, nearly two months after the ALJ rendered her decision. Tr. 35-46. On October 12, 2017, the Appeals Council denied her request and did not consider the additional evidence, stating "this additional evidence does not relate to the period at issue." Tr. 1-7. Having exhausted the available administrative remedies, Plaintiff brings this action seeking judicial review of the Commissioner's final decision denying her applications for benefits.

## STATEMENT OF FACTS AND EVIDENCE

Plaintiff was fifty-three years of age when the ALJ issued her decision, has a high school education, and past relevant work as a school counselor, secretary and

---
[3] This is her second application; her first was denied by an ALJ in 2012.

4

cosmetologist. Tr. 298, 314, 19, 83. In her applications, she alleges she is disabled by back issues, arthritis, headaches and sleep problems. Tr. 313. In conducting the five-step sequential analysis of her claims mandated by the Commissioner's regulations for the evaluation of disability applications, the ALJ first found that Plaintiff has not performed substantial gainful activity since her amended onset date. Finding 2, Tr. 13. At step two, she found that Plaintiff has severe impairments of degenerative disc disease in the lumbar, thoracic, and cervical spine, insomnia, idiopathic peripheral neuropathy, and osteoarthritis in the knees. Finding 3, Tr. 13-14. At step three, the ALJ determined that these impairments, considered both alone and in combination with one another, neither meet nor medically equal a listed impairment set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding 4, Tr. 14. Between steps three and four, she formulated a RFC assessment which allows Plaintiff to perform light work—as defined in 20 C.F.R. 404.1567(b) and 416.967(b)—with additional exertional, postural, and environmental limitations. Finding 5, Tr. 15-19. At step-four, the ALJ determined that this RFC assessment prevents Plaintiff from returning to her past relevant work. Finding 6, Tr. 19. With testimony from the impartial VE, the ALJ found that Plaintiff could work as an office helper, dealer accounts investigator, or marker, and that these jobs are available to her in the national economy. Finding 10, Tr. 19-20. Therefore, the ALJ found Plaintiff to be not disabled to work. Finding 11, Tr. 20.

## DISCUSSION

### I. The Appeals Council

Plaintiff first contends that the Appeals Council erred when it declined to consider what she claims is new evidence in her request for review. Pl.'s Br. 1, 10-14, ECF No. 15. The evidence at issue is a March 7, 2017, evaluation of Plaintiff by Stephen Schacher, M.D. Tr. 35-46. The ALJ issued her written decision on January 10, 2017, two months before the evaluation in question, making it, on its face, chronologically irrelevant to the ALJ's decision. Tr. 8-21. In that decision the ALJ reviewed and discussed an October 23, 2014, evaluation of Plaintiff by Dr. Schacher, assigning it "significant weight." Tr. 17-19. The ALJ stated that Dr. Schacher's examination "failed to reveal substantial functional limitations." Tr. 19. Plaintiff does not dispute or assign error to that finding by the ALJ in her brief.

In his March 2017 evaluation, Dr. Schacher attached an "onset date questionnaire" where he only references the October 10, 2014, examination and states that he "reviewed [Plaintiff's] records" and opines that she has had the impairments he described in October 2014 since March 11, 2013. Tr. 46. The ALJ reviewed the October 2014 records and found them to contain no substantial functional limitations, a determination not contested by Plaintiff. While the second evaluation is dated March 7, 2017, its findings and conclusions are not new. Because Dr. Schacher's March 2017 report is neither chronologically relevant nor new, the Appeals Council did not err in not considering it. *Smith v. Comm'r of Soc. Sec.*, 272 Fed. App'x 789, 801 (11th Cir. 2008); *see Hoffman v.*

*Astrue,* 259 Fed. App'x 213, 220-21 (11th Cir. 2007). This evidence does not render the denial of benefits erroneous and Plaintiff's first claim of error lacks merit.

**II. The ALJ**

Next, Plaintiff argues that the ALJ erred by not discussing the opinions of two vocational rehabilitation counselors. Pl.'s Br. 2, 14-15. Both counselors said that, in their respective opinions, Plaintiff cannot work in competitive employment. *Id.* at 14. Vocational rehabilitation counselors are not acceptable medical sources and the ALJ is not required to explain or assign weight to their opinions. *McMahon v. Comm'r of Soc. Sec.,* 583 Fed. App'x 886, 891-92 (11th Cir. 2014). Moreover, their conclusions concern whether Plaintiff has the residual functional capacity to engage in substantial gainful activity, an issue reserved to the Commissioner. 20 C.F.R. 404.1527(d), 416.927(d). Plaintiff's second asserted error has no merit.

Plaintiff's third and final contention is that the ALJ failed to provide good cause for giving her treating physician's opinions less than significant weight. Pl.'s Br. 2, 16-19. In October 2008, Plaintiff began seeing Mark Ellis, M.D. for pain management. She complained of chronic neck and lower back pain and took daily medication. On August 25, 2015, Dr. Ellis stated that Plaintiff's condition would likely get worse and that she is disabled to work. Tr. 615. The ALJ gave this statement "little weight" and set forth three reasons for doing so. First, she found that objective imaging did not support its conclusions. Next, she stated that its conclusions were not supported by Dr. Ellis' own treatment notations. Third, she noted that Dr. Ellis reported side effects from medication despite Plaintiff's repeated denial of the same. Tr. 19. In deciding that little weight should

7

be given to the statement by Dr. Ellis, the ALJ correctly identified him as a treating physician and properly disregarded his assertion that Plaintiff is disabled, because that decision is for the Commissioner alone. *Id*.

A review of the medical evidence of record also establishes that the ALJ's findings about benign objective imaging and routine and unremarkable clinical notes are well supported. The opinions of a treating physician may be discounted if they are unsupported by objective medical evidence. *Johns v. Bowen,* 821 F.2d 551, 555 (11th Cir. 1987). An ALJ's decision to discount a treating physician's conclusions is supported by substantial evidence when the ALJ points to a specific contradiction between the doctor's opinion and other evidence of record. *See Phillips,* 357 F.3d at 1240-41 (11th Cir. 2004).

Here, the ALJ noted that Dr. Ellis reported adverse side effects from medication when his patient consistently denied the same. Tr. 18-19. On July 29, 2016, Plaintiff reported that she could engage in normal activities of daily life without pain or medication side effects and reported stable mood. Prior clinical presentations on December 14, 2015, February 12, 2016, March 11, 2016, and June 3, 2016, were identical or substantially similar. Tr. 18. Inconsistencies between a doctor's treatment notes and his conclusion about his patient's ability to work, as well as contradictions by the patient's own statements, provides good cause to discount the doctor's opinion. *Sarria v. Comm'r of Soc. Sec.,* 579 Fed. App'x 722, 724 (11th Cir. 2014). The ALJ did not err in affording little weight to the evidence provided by Dr. Ellis. Plaintiff's third contended error has no merit.

## CONCLUSION

For the reasons stated above, the determination of the Social Security Commissioner is affirmed.

SO ORDERED, this 25th day of September, 2018.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE